Curran, Dennis J., J.
This lawsuit arises from Messrs. Okeke, Paquiot and others’ work for Dynamex Operations East, Inc. Dynamex characterizes their service as that of independent contractors, while the plaintiffs maintain that they should have been classified as employees under G.L.c. 149, §148B. The plaintiffs’ motion for summary judgment must be denied, because the record reflects disputes of material fact as to whether they should have been classified as employees.
The statute and its relevant decisional authority provide the obvious starting point for discussion:
Under Massachusetts law, a worker is deemed an employee unless the putative employer can show that: (1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of the service and in fact; and (2) the service is performed outside the usual course of business for the employer; and (3) the individual is customarily engaged in an independently established trade, occupation, profession, or business of the same nature as that involved in the service performed.
Schwann v. FedEx Ground Package Sys., Inc., No. 11-11094, 2013 WL 3353776, at *1 (D.Mass. Jul. 3, 2013), citing G.L.c. 149, §148B. “The employer bears the burden of proof, and, because the conditions are conjunctive, its failure to demonstrate any one of the conditions . . . suffices to establish that the services in question constitute ‘employment’ within the meaning of [§148B].” Id., citing Athol Daily News v. Bd. of Div. ofEmpl and Training, 439 Mass. 171, 175 (2003). The plaintiffs contend that there is no dispute that they are employees according to prong two and prong three of section 148B. They suggest that their work was performed in the usual course of business for Dynamex, and that they were not engaged in an independently established business of the same nature as the services they performed. As to prong two, the statutory language, on its face, appears to support the plaintiffs’ position. Dynamex’s business is at least related to the delivery of goods, which was the service provided by the plaintiffs. The plaintiffs have also directed this Court’s attention to a significant number of cases in which summary judgment was granted to plaintiffs who claimed they were misclassified as independent contractors. As a result, the plaintiffs’ motion for summary judgment is compelling, and powerfully stated and argued.
However, “legitimate business-to-business relationships in the Commonwealth” do not fall within the *537 broad sweep of section 148B, notwithstanding the broad wording of the statute. Atty. Gen. Advisory Op. 2008/1, at 5. Were the plaintiffs’ interpretation of section 148B to prevail, no corporation operating in the Commonwealth could contract with another corporation to perform work in the same field. Under the plaintiffs’ view, the latter corporation would be an employee of the former, because its services would be provided in the former corporation’s usual course of business. Such a construction of prong two would contravene the guidance provided in Athol Daily News, 439 Mass, at 180, that no one prong of section 148B should be construed so broadly as to render the others superfluous.
Advisory opinions indicate that is not the Attorney General’s interpretation of section 148B. Specifically, if “painting company X cannot finish a painting job and hires painting company Y as a subcontractor to finish the .. .job, provided all the individuals performing the painting are employees of company Y, [section 148B] does not apply.” Atty. Gen. Advisory Op. 2008/1, at 5. Consistently with the Attorney General’s view, section 148B should not be construed to apply to a worker “legitimately conduct[ing] business as a sole proprietorship or a sub-S corporation even if he or she primarily provides necessary services to a corporation.” Schwann, 2013 WL 3353776, at *4 n.9.
In other words, “to satisfy the second prong, [Dynamex] must establish that the [plaintiffs are] ‘performing services that are part of an independent, separate, and distinct business from that of [Dynamex].’ ” Awuah v. Coverall N. Am., Inc., 707 F.Sup.2d 80, 82 (D.Mass. 2010), quoting Am. Zurich Ins. Co. v. Dept, of Indus. Accidents, No. 05-3469, 2006 WL 2205085, at *4 (Mass.Super.Ct. Jun. 1, 2006) [21 Mass. L. Rptr. 224]. See also Atty. Gen. Advisory Op. 2008/1, at 3. Attributes of legitimate independent businesses properly classified as independent contractors for the purposes of §148B include employing several other drivers to perform contracted delivery work, and behaving as an independent business by, for example, filing business tax returns. Debnam v. FedEx Home Delivery, No. 10-11025, 2013 WL 5434142, at *1 (D.Mass. Sept. 27, 2013).
Dynamex has been able to proffer evidence that Antonio Marques, one of its workers, operates a business that “has approximately 12-13 drivers who perform deliveries. These drivers are classified as employees.” Ex. 8, Marques Aff., ¶6. Similarly, Raymond Hebert, another Dynamex worker, operates a business that “. . . has approximately 17 drivers who perform deliveries. These drivers are classified as employees.” Ex. 9, Hebert Aff., ¶5. In addition, Michael Okeke himself operated Liberty Express, LLC, which employed four drivers.[1] See Okeke Ans. Interrog. 15. William Pacquiot also “filed business tax returns, which disclose substantial business income.” See Ex. 17, Pacquiot Tax Form 1040-V; compare Debnam, 2013 WL 5434142, at *1.
In addition, the Attorney General’s Enforcement Guidelines state that whether the “corporate entities” with which a putative employer contracted were “created and maintained in order to avoid [section 148B],” is an important factor in determining whether enforcement action for violation of section 148B is appropriate. Atiy. Gen. Advisory Op. 2008/1, at 5. The question of the purpose for which a corporation was created implicates issues of a party’s intent or state of mind, customarily reserved for the jury at trial, rather than for the court on a motion for summary judgment. See White v. Town of Seekonk, 23 Mass.App.Ct. 141, 143 (1986).
Moreover, the question of “whether . . . the services of the alleged independent contractor are . . . actually available to entities beyond the contracting entity” is directly relevant to the question of whether a corporation or other business was established for the purpose of avoiding section 148B. Id. at 5. Dynamex has submitted evidence that some of the plaintiffs’ businesses “... are permitted... to carry parcels for other carriers . . . and regularly do so.” See Ex. 8, Marques Aff., ¶¶9, 18; Ex. 9, Hebert Aff., ¶¶8-9.
In summary, the defendant has prevailed, at this procedural stage, in creating a dispute of material fact as to whether or not Dynamex’s workers performed their services through sham corporations and businesses created for the purpose of avoiding application of section 148B, or whether they were legitimate, independent businesses with which Dynamex had a business-to-business relationship.[2]
Prong three implicates a similar dispute of material fact:
Under the third prong, the court is to consider whether the service in question could be viewed as an independent trade or business because the worker is capable of performing the service to anyone wishing to avail themselves of the service or, conversely, whether the nature of the business compels the worker to depend on a single employer for the continuation of the services.
Atty. Gen. Op. 2008/1, quoting Coverall v. Div. of Unempl. Assistance, 447 Mass. 852, 857-58 (2006). As explained, Dynamex has submitted evidence that its workers were free to, and did, provide deliveiy services to customers besides Dynamex who wished to avail themselves of those services.
Resolving, as I must, all reasonable inferences in favor of Dynamex, in light of the evidence that some of Dynamex’s workers “regularly” provided services to other customers, this court cannot conclude, as a matter of law, that the plaintiffs were compelled to rely on Dynamex alone for the continuation of their businesses. See Boston Bicycle Couriers, Inc. v. Deputy Dir. *538 of the Div. ofEmpL & Training, 56 Mass.App.Ct. 473, 480-81 (2002).
ORDER
For these reasons, the plaintiffs’ motion for summary judgment is DENIED.

Dynaixiex asserts in its opposition to the plaintiffs’ motion for summary judgment that Liberty Express had other attributes of a legitimate independent business, such as business partners, and maintained corporate financial records. However, Dynamex does not identify what evidence in the summary judgment record supports that claim, and after examination, this Court found none.

tyhe state of the law interpreting section 148B is far from settled, and the plaintiffs are able to cite cases that provide considerable support for their position that Dynamex cannot satisfy prong two. Specifically, in Schwann, 2013 WL 3353776, at *4, drivers performing delivery services for FedEx were properly classified as employees within the ambit of prong two because, “without the services of the [drivers], FedEx would cease to operate.” See also Am. Zurich, 2006 WL 2205085, at *4 (“[A] worker whose services form a regular and continuing part of the employer’s business . . . should be found to be an employee and not an independent contractor”). The plaintiffs cogently argue that, by the same logic, their services were a regular and continuing part of Dynamex’s business, without which it would similarly cease to operate.
However, Schwann did not involve evidence that the drivers operated legitimate, independent businesses that would support classification as independent contractors. Where that evidence was present, such as in Debnam, 2013 WL 5434142, at *1, the workers were not classified as employees for the purposes of summary judgment. As discussed above, that same evidence in the record here demands the same outcome. Am. Zurich also recognized the importance of evidence that a worker was engaged in a legitimate independent business.